## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

NASSER AHMED AMERI
# 1591K                                                                                           PLAINTIFF

V.                                        4:09CV00212 GTE

BERMARD C. BAILEY; BILL SHEETS;
and VIISAGE TECHNOLOGY, INC.                                                       DEFENDANTS

### ORDER OF DISMISSAL

Plaintiff, an inmate at the Kenosha County Detention Center in Wisconsin, filed this *pro se* Complaint (docket entry #1), pursuant 42 U.S.C. § 1983, alleging constitutional violations, unaccompanied by a filing fee or an application to proceed in forma pauperis. Having carefully reviewed Plaintiff's Complaint, pursuant to 28 U.S.C. § 1915A(a), the Court orders that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

### I. Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). In reviewing a *pro se* complaint under §1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S.Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir. 1985).

## II. Analysis of Plaintiff's Claims

Plaintiff is a Yemeni national who worked for an Arkansas-based company that provided software for the state's Department of Finance and Administration, among other agencies and companies, used in preparing identification cards and drivers' licenses. Plaintiff stole a copy of the software and used it to produce false identification documents and perpetrate various forms of fraud. He was convicted in this district, before Judge William R. Wilson, Jr., of eighteen counts related to production and possession of fraudulent documents, possession of document-making implements, social security fraud, theft of trade secrets (software), computer fraud, identity theft, possession of ammunition by an illegal alien, and making false statements. According to the superseding indictment (docket entry #41) in his criminal case, *USA v. Ameri*, 4:02CR00182 WRW, Viissage Technology was Plaintiff's employer and the owner of the software which Plaintiff stole. *See Great Plains Trust Co. v. Union Pacific R. Co.*, 492 F.3d 986, 996 (8th Cir. 2007)(Courts "may take judicial

notice of proceedings in other courts that related directly to matters at issue."). In his Complaint, Plaintiff states that Defendant Bailey is the President and CEO of Viissage; Sheets is the Operations Manager. The three defendants are accused of having committed perjury and other "bad acts" depriving him of his constitutional rights and causing his unlawful imprisonment.

To state a cognizable claim under 42 U.S.C. § 1983 Plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was caused or committed by a person acting under color of state law. *Roe v. Humke*, 128 F.3d 1213, 1214 (8th Cir. 1997). Plaintiff here has failed to allege facts indicating these Defendants committed the complained of conduct while acting under color of state law. An individual acts under color of state law when he or she exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Roe*, 128 F.3d at 1216. Even reading Plaintiff's Complaint as liberally as possible, software-providers to the state of Arkansas are not "state actors" for the purposes of this § 1983 litigation. Because Plaintiff's allegations fail to establish that a state actor deprived him of a constitutional right, he fails to state a cognizable claim for relief under § 1983.

Moreover, it appears on the face of the Complaint that Plaintiff's claims are time-barred. At the very latest, any claims of false swearing by the individual Defendants would have occurred at Plaintiff's trial in 2004. The statute of limitations for § 1983 actions is the forum state's statute of limitations for personal injury actions,[1] which in Arkansas is three years. *Morton v. City of Little*

---

[1] Although state law determines the limitations period for filing § 1983 claims, federal law determines when a cause of action accrues. *White v. Garrison*, 70 F.3d 1276 (8th Cir. 1995) (unpublished table opinion). Under federal common law, a cause of action accrues when a plaintiff "discovers, or with due diligence should have discovered, the injury that is the basis of the

*Rock*, 934 F.2d 180, 182 (8th Cir. 1991).

### III. Conclusion

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (docket entry #1) is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. Dismissal of this action constitutes a "strike" for the purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal taken from this Order and the accompanying Judgment would not be taken in good faith.

DATED this 17th day of April, 2009.

    /s/ Garnett Thomas Eisele
UNITED STATES DISTRICT JUDGE

---

litigation." *Union Pacific R. Co. v. Beckham*, 138 F.3d 325, 330 (8th Cir. 1998).

[2] Under § 1915(g), a prisoner may not proceed with a civil suit *in forma pauperis* if the prisoner has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).